# CHARLESTON

ROBERTS *et al.* v. GRUBER.

Submitted June 9, 1914.    Decided June 23, 1914.

EQUITY—*Quieting Title—Pleading.*

    A bill in equity which does not show that the plaintiff has such a clear and certain interest in the subject matter of the suit as would entitle him to the relief prayed for in relation thereto, is insufficient on demurrer.

(LYNCH, JUDGE, absent).

Appeal from Circuit Court, Cabell County.

Bill by Annie M. Roberts and others against Sarah Gruber and others.   From decree for defendants, plaintiffs appeal.

*Affirmed.*

*George S. Wallace,* for appellants.

*C. W. Freeman,* for appellees.

ROBINSON, JUDGE:

The original and amended bills in this cause were rightly dismissed on demurrer.    They made no case cognizable in a court of equity.

The original bill sought the removal of cloud from title without alleging that plaintiffs were in possession of the land, or other facts taking the case out of the general rule in that regard.    It was therefore plainly insufficient.    The amended bill sought to change the character of the cause and to present matters that a court of equity would hear.    But in this it signally failed.

Gruber in his lifetime made a deed to his wife for a lot in Central City.    The deed contained an absolute grant, then a reservation of the use and rents of the property for the life of the grantor, followed by a provision that the estate conveyed should not vest and take effect until after the death of the grantor.    Gruber died testate, devising all his estate, real and personal, to his wife as long as she lived or remained unmarried, and then to his children.    The suit is by Gruber's children, heirs at law, against the widow, grantee in the deed and devisee under the will.

Plaintiffs assert that the deed gave defendant no title, because it undertook to vest an estate after the death of the grantor and is therefore not a grant but a mere testamentary disposition, though not properly executed to be proved as a will. They do not unqualifiedly assert title in themselves to the lot by reason of the alleged invalidity of the deed, but say that a contest of Gruber's will has been instituted by them and is pending as a separate suit, and that if the contest is decided in their favor, the lot will belong to them, subject only to dower in defendant.

The prayer of plaintiffs is a peculiar one indeed. It is that the court construe the deed; that if the deed is found to be void, as plaintiffs believe it is, the cause be continued until the suit contesting the will is determined; and that should the will be found not to be the true will and testament of Gruber, the lot be sold, dower therein be ascertained and paid defendant, and the residue of the proceeds distributed to plaintiffs.

It is certainly true that if the deed and the will are both void, plaintiffs own the lot subject to dower of defendant. Yet, if the will is valid, defendant is entitled to the lot until her death or marriage again, and plaintiffs are not entitled until thereafter. In that event plaintiffs have no right to that for which they pray, a sale of the lot, with payment in lieu of dower to defendant.

Now, it must be observed that invalidity of both the deed and the will is not asserted by this suit and asked to be declared herein. Invalidity of the deed alone is asserted and asked to be declared. That is all that is asked, until it is ascertained by the determination of another suit whether plaintiffs may be heard further. Will a court of equity merely construe the deed when to do so may be of no purpose for the vindication of right belonging to plaintiffs? Plainly not.

The bills are bad because they do not show affirmatively and positively that plaintiffs are entitled to present right in the lot. No more is shown than that plaintiffs by a decision in an independent suit may have right in the lot, entitling them to a sale of the property for the enjoyment of all interested since it is not susceptible of dower or other partition in

kind. But a court of equity will not open its forum to hear that which may be merely a moot question and avail nothing. It will only let one in when he asserts clear, certain, and complete right entitling him to a decree that will avail him in relation to the right. What clear right in the subject matter of the deed which plaintiffs assert to be void, entitling them to the ultimate relief asked as to that subject matter, do they show by the bills? None indeed. They simply show that they may or may not be entitled to such relief. Why entertain them when the contingency as to their title, which they plainly disclose as one not to be settled in this suit, may make it absolutely futile to entertain them? ''Interest in the subject-matter of the suit, or a right to the thing demanded, and a proper title to institute the suit, are essentially necessary to maintain the bill. If the objection is apparent upon the face of the bill, it may, and indeed it ought to be, taken by way of demurrer.'' Story's Eq. Pl., sec. 728. ''Every bill must show clearly that the plaintiff has a right to the thing demanded, and such an interest in the subject-matter as gives him a right to institute a suit concerning it; and if such a right or interest is not shown by the bill, the defendant may demur.'' 1 Daniel's Chan. Pl. & Pr. 314.

Suppose plaintiffs proved all they have alleged, that the deed is void, and that a suit is pending which may yet declare the will void. A case would not be made for the relief asked. For if the deed is void, then by the will the property belongs to defendant until her death or marriage, and the will must be annulled before that for which plaintiffs pray may be had. Yet plaintiffs do not seek to annul the will herein. They do not allege invalidity of the will as an issue in this suit. They fail to present a chain of positive allegations all of which if put to issue and established in their favor vouch the relief they seek. ''A plaintiff can no more obtain relief without proper averments in his bill than he can without proof of such averments when made. The one is as essential as the other, and both must concur, or relief can not be granted.'' 5 Enc. Dig. Va. & W. Va. 128.

An order will be entered affirming the decree.

*Affirmed.*