# CHARLESTON.

## JONES v. SMITH.

Submitted April 9, 1918.   Decided April 16, 1918.

1. QUIETING TITLE—*Suit to Set Aside Deed—Right of Action.*

   A suit to set aside a prior deed as a usurious contract and as constituting a cloud upon his title to the land or interest therein conveyed, cannot be maintained by the grantor, when he has subsequently and before suit brought conveyed to a third person his entire interests in the land.  (p. 248).

2. SAME.

   Being without title or interest therein plaintiff has no right of interference with another who appears to have good title to the property.  (p. 248).

Appeal from Circuit Court, Doddridge County.

Suit by James F. Jones, against Martha J. Smith. Decree for plaintiff, and defendant appeals.

*Reversed, and bill dismissed.*

*A. E. McCue* and *L. W. Chapman,* for appellant.

*J. Ramsey,* for appellee.

MILLER, JUDGE:

Defendant has appealed from the decree below adjudging that the deed or grant of March, 1897, made by plaintiff to her, for the one sixteenth interest of all the oil and gas under a tract of thirty and one sixteenth acres of land in Doddridge County, is a usurious contract, and that the property purporting to be conveyed thereby without other consideration was in excess of the legal rate of interest paid for a loan by defendant to plaintiff, and which loan with its legal rate of interest had been fully paid off and discharged, and further adjudging and decreeing that said deed be set aside, cancelled and annulled and held for naught.

The primal proposition relied on for reversal is that at the time of the suit plaintiff had no interest in the land or in the oil or gas purporting to have been conveyed by him to de-

fendant, and that regardless of the original rights of the parties under the deed in controversy, plaintiff has no present interest to protect or subserve and should not prevail in his suit. We think this proposition well founded in law and fact, and that it is unnecessary, if not improper, to attempt to deal with any of the other questions sought to be raised and presented for decision.

The record shows that on April 28, 1898, more than eighteen years before the institution of this suit, plaintiff by deed of general warranty sold and conveyed said tract of thirty acres and two poles without reservation or exception to one C. H. Pigott, and that thereafter Pigott, on December 15, 1898, sold and conveyed to one W. S. Shinn, with general warranty, five acres more or less out of said thirty acres, but in which it was fully agreed and understood by all parties concerned that defendant "holds a one-sixteenth part of the oil and gas produced from said premises and her rights which are a matter of record in the Clerk's office of the County Court of Doddridge County, West Va., are reserved and excepted and not conveyed to the said W. S. Shinn"; that afterwards, on March 2, 1903, said Pigott, by deed of that date, sold and conveyed with general warranty the residue of said thirty acre tract, described as containing twenty four acres and one hundred and fifteen poles to one Davis Smith, with the following reservation however: "reserving therefrom all the coal excepting surface vein, with all the rights of mining and removing the same, and the rights of ingress, egress and regress for the purpose of mining and removing the same, by paying all surface damages caused thereby; and a one half interest of oil and gas conveyed to said C. H. Pigott, by J. F. Jones, excepting rentals and bonuses which are conveyed in full to the party of the second part." It is manifest that the reservations in these deeds were not made for the benefit of the plaintiff, but so far as they relate to the one sixteenth of the oil and gas for the benefit of the defendant.

The object of the bill and the decree thereon was for no other purpose than to remove as a cloud upon plaintiff's alleged title the oil and gas interest conveyed by the deed of

March 18, 1897, to defendant. If this deed was void as alleged the title to the property conveyed thereby not reserved passed to Pigott by plaintiff's deed of April 28, 1898. There can be no doubt about this proposition. The fact that plaintiff had previously conveyed it to defendant does not strengthen plaintiff's claim, nor does the contention that Pigott might not be able to maintain a suit to set aside the deed on the grounds of usury give plaintiff right to do so. Having parted with all right and title to the land how can he sue for an interest which years before he parted with to Pigott. Interest in the subject matter of the suit or the right to demand the thing demanded are necessary pre-requisites to the maintenance of any suit therefor. *Roberts* v. *Gruber,* 74 W. Va. 552; *Hitchcox* v. *Morrison,* 47 W. Va. 207; *Horse Creek Coal Land Co.* v. *Trees,* 75 W. Va. 559.

Treated as a bill to remove cloud, which the present bill clearly is, plaintiff being without title or interest in the land has no right of interference with others who appear to have good title to the property. *Harr* v. *Shaffer,* 45 W. Va. 709; *Wallace* v. *Elm Grove Coal Co.,* 58 W. Va. 449. Nor as a general rule can one maintain a suit to remove cloud or quiet title who has no other interest than that he has sold the property with covenants of general warranty. *Jackson* v. *Kittle,* 34 W. Va. 207.

For the foregoing reasons we are of opinion to reverse the decree and dismiss the bill.

*Reversed, and bill dismissed.*